## COMMONWEALTH *vs.* FREDERICK BROADBECK.

Norfolk. March 28. — 30, 1878. AMES & MORTON, JJ., absent.

If the evidence in a criminal case is conflicting, the defendant has no ground of exception to the refusal of the judge to instruct the jury that, if they believe the defendant's testimony, they should acquit him.

COMPLAINT on the St. of 1875, *c.* 99, charging the defendant with a sale at Dedham of intoxicating liquors to David W. Luce, "not then and there having any license, appointment or lawful authority whatever to make such sale."

At the trial in the Superior Court, before *Pitman*, J., Luce, called as a witness for the government, testified that the defendant, at Dedham, sold and delivered to him six bottles of lager beer.

The defendant called one Fuchs, who testified that he was a partner in the liquor business with the defendant at the time of the alleged sale ; that one Hittle came to their place of business

in Boston, and ordered six bottles of lager beer for Luce, and said he would call for them on his return from Boston; that if he did not, and Fuchs found it convenient, he wished that he would send them to Luce at Dedham; that he would pay for them if Luce did not; that he, Fuchs, looked to Hittle for payment; that he took the six bottles of lager beer ordered, put them in a basket by themselves, and put the basket and contents aside, ready for Hittle to take away when he should return; that Hittle did not call; and that he directed the defendant to take them to Luce, and the defendant took away the basket and lager beer. The defendant testified that he delivered the basket and lager beer to Luce at Dedham, as directed by his partner, he understanding that they had been ordered as above.

The defendant also offered evidence tending to show that he and Fuchs had a license to sell intoxicating liquors in Boston at the time of the alleged sale. The defendant contended, and asked the judge to rule, that, upon the evidence of Fuchs, the sale and delivery were in Boston; that if the jury believed this evidence, the defendant could not be convicted; and that this would be so, even if Hittle was not authorized by Luce to order and buy the lager beer, provided Fuchs took the order and filled it, as he had testified, in good faith, and the defendant took the lager beer to Luce, in consequence of such order and Fuchs's directions.

There was other evidence bearing upon the question whether the sale was made at Boston, or at Dedham, and whether it was to Hittle or Luce. The judge refused to rule as requested, and left it to the jury to find whether or not the sale was to Luce at Dedham, as charged in the complaint, under general instructions as to what would constitute a sale of personal property.

The jury returned a verdict of guilty; and the defendant alleged exceptions to the refusal to rule as requested.

*J. L. Eldridge*, for the defendant.

*C. R. Train*, Attorney General, & *W. C. Loring*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The instruction given was sufficient. The defendant had no right to an instruction on a part of conflicting evidence.                                   *Exceptions overruled.*